UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-681-H

DEBRA ROWE . PLAINTIFF

V.

AIG MARKETING, INC. DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). In its Memorandum Opinion and Order of December 13, 2005, the Court granted Defendant's motion for summary judgment and dismissed Plaintiff's claims. Plaintiff argues that the Court misinterpreted her position on her claims of race, age, and sex discrimination. In her motion to alter or amend, Plaintiff essentially reargues her original points: first, that the scoring system used by Defendant was subjective, and therefore legally suspect, and second, that Defendant recently hired a number of young white males and that those hires indicate pretext by Defendant. Neither argument is persuasive enough for the Court to change its original view.

Regarding the scoring system, Plaintiff argues that "disparate factors made the whole scoring process suspect, particularly where defendant was silent on the matter," and that the "suspect" nature of the system satisfies her burden under *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994) to show that Defendant's proffered reasons for the failure to promote have no basis in fact. The subjectivity of the scoring system, without

more however, is not evidence that Defendant's stated reason for choosing someone other than Rowe for the promotion had no basis in fact – all the evidence is that Defendant relied primarily (if not exclusively) on its admittedly subjective scoring system in order to select the successful candidate. Such subjectivity is certainly permissible, and Defendant's explanation that the subjectivity in this matrix was within the discretion of the relevant manager is legally sufficient.

As the Sixth Circuit stated in *Browning v. Dept. of the Army*, 436 F.3d 692, 697 (6th Cir. 2006), even where an employer uses a scoring matrix with subjective criteria to evaluate applicants for a promotion, "such subjectivity, without more, does not establish pretext." *See also Brown v. EE&G Mound Applied Technologies, Inc.*, 117 F. Supp. 2d 671, 680 (S.D. Ohio 2000) ("The fact that individual managers had flexibility in determining individual components of a matrix score [ ] does not indicate discrimination."). Similarly, in *Senner v. Northcentral Technical College*, 113 F.3d 750 (7th Cir. 1997), the Seventh Circuit upheld an employer's use of a matrix with subjective criteria, stating that even though the matrix's subjectivity resulted in assessors being able to manipulate the results, in the absence of more evidence, "[Plaintiff] has shown, at best, that [Defendant's] evaluation criteria require a subjective judgment; they do not suggest that discriminatory intent affected that judgment." Here, Plaintiff has provided no evidence that Defendant's stated reason for failing to initially promote her was a pretext for age, race, or gender discrimination.

Regarding the use of "pattern or practice" evidence to prove pretext, the Court recognizes that such evidence may be used to prove pretext pursuant to *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981). The problem here is that Plaintiff has provided no such evidence – her unsubstantiated statement that Defendant recently hired ten white males, all under

the age of thirty, is meaningless without context. The Court has no way of knowing for what positions those individuals may or may not have been hired, their salaries, their locations, who made the hiring decisions, or other relevant information. Without more information, Plaintiff's claimed statistics are certainly not evidence of pretext. *See Hall v. Martin Marietta Energy Sys.*, 856 F. Supp. 1207, 1214 (W.D. Ky. 1994). Accordingly, for the reasons stated herein and all the reasons in its Memorandum Opinion of December 13, 2005, the Court's original opinion will stand.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to alter or amend is DENIED.

cc:     Counsel of Record